**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4416**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JON JAMES THOMAS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:15-cr-00091-F-1)

Submitted: February 16, 2017    Decided: February 24, 2017

Before AGEE and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Jon James Thomas pled guilty, in accordance with a written plea agreement, to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (2012). The district court sentenced Thomas to 78 months' imprisonment, to be followed by a lifetime term of supervised release. Thomas timely appealed.

Thomas' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning the substantive reasonableness of the lifetime term of supervision. Thomas filed a pro se supplemental brief raising the same and other issues. The Government has moved to dismiss the appeal on the basis of the waiver in Thomas' plea agreement pursuant to which Thomas waived his right to appeal his sentence. We affirm in part and dismiss in part.

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). "We generally will enforce a waiver . . . if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (alteration and internal quotation marks omitted). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010).

2

Our review of the record leads us to conclude that Thomas knowingly and voluntarily waived the right to appeal his within-Guidelines sentence, except for claims of ineffective assistance of counsel or prosecutorial misconduct not known to Thomas at the time of his guilty plea. We therefore grant the Government's motion to dismiss and dismiss that portion of this appeal pertaining to Thomas' sentence.

Thomas' waiver of his right to appeal his sentence does not, however, preclude our review of the validity of Thomas' guilty plea, which Thomas challenges in his pro se supplemental brief. Thomas first asserts that his guilty plea was induced by a promise of a five-year term of supervised release and that he would not have pled guilty had he been more fully apprised of how the results of his polygraph examination could have been used at trial. These claims are undermined by Thomas' testimony to the contrary at his Rule 11 hearing. Specifically, Thomas testified that his guilty plea was not the result of any threats or promises and that he had not been promised any particular sentence. Thomas further averred that he was fully satisfied with his attorney's services. Such statements carry a strong presumption of veracity, and the record offers no reason to doubt their truth. Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); Fields v. Att'y Gen., 956 F.2d 1290,

3

1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.").

Thomas also contends that he was denied effective assistance of counsel because his attorney told him that he would receive a five-year term of supervised release when he actually received lifetime supervision. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012) in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that this claim should be raised, if at all, in a § 2255 motion.

Pursuant to Anders, we have reviewed the entire record for any meritorious issues that fall outside the scope of the appeal waiver and have found none. We therefore affirm the judgment in part and dismiss this appeal in part. This court requires that counsel inform Thomas, in writing, of his right to petition the Supreme Court of the United State for further review. If Thomas requests that such a petition be filed, but counsel believes

4

that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Thomas. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>